UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SUBBAROW FABRICS,                                             Case No: 07-cv-2810
                Plaintiff

Vs.                                                                            **COMPLAINT**

J.R.R. ROSENTHAL GROUP, INC.                       **ASSIGNED JUDGE:**
D/B/A TAILOR NEW YORK,                                  **HON. JUDGE PATTERSON**
CHASEMAX INC.

                Defendants
----------------------------------------------------------X

Plaintiff, by its undersigned counsel, alleges upon knowledge as to itself and its own actions, and upon information and belief as to all other matters alleged below, as follows.

## NATURE OF THE ACTION

1.     This is an action for breach of contract and recovery of monies.

## THE PARTIES

2.     Plaintiff Subbarow Fabrics ("Subbarow") is a corporation duly formed and incorporated in India. Plaintiff's corporate offices are located at #5, Kumaran Colony, 7th Street, Vadapalani, Chennai, India 600 026.

3.     Upon information and belief, J.R. Rosenthal Group, Inc. ("Rosenthal Group") is, and was at all relevant times, a duly organized New York Corporation. The company maintains offices at 231 W. 39th Street, Suite 811, New York, NY 10018.

1

4.      Upon information and belief, Rosenthal Group also conducts business in the name of Tailor New York. Tailor New York's offices are also listed as 231 W. 39th Street, Suite 811, New York, NY 10018.

5.      Upon information and belief, Chasemax, Inc. ("Chasemax") is a company incorporated under the laws of Texas. The company's address is listed as 22136 Westheimer Parkway, Suite 417, Houston, Texas 77450. Chasemax conducts business as a collection agency.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper pursuant to 28 U.S.C.A. § 1332, based on diversity of citizenship between the parties.

7.      Plaintiff Subbarow is an Indian Corporation. Defendant Rosenthal Group is a New York Corporation.

8.      The sum in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of interests and costs.

9.      Venue is proper pursuant to 28 U.S.C.A. § 1391(a)(1), as Defendant Rosenthal Group, Inc. is a New York Corporation.

**BACKGROUND FACTS**

10.     Plaintiff Subbarow owns and operates a textile mill based in Chennai, India. Plaintiff is also an exporter of both unfinished fabrics and finished clothing to countries worldwide, including the United States.

11.     Upon information and belief, Defendants Rosenthal Group and Tailor New York are garment wholesalers operating out of the same address in New York County, New York. Defendants Rosenthal Group and Tailor New York also sell garments via their website www.tailornewyork.com.

12.     On or around about June 21, 2005, Defendants Rosenthal Group and Tailor New York began placing orders with Plaintiff Subbarow for unfinished garment fabric and finished ladies garments.

13.     Plaintiff Subbarow fulfilled its obligations to Defendants Rosenthal Group and Tailor New York by providing finished women's garments and unfinished fabrics to Defendants until about May 30, 2006. Defendants accepted all goods and materials from Plaintiff Subbarow. Defendants never communicated non-acceptance, repudiation, or rejection of any shipment.

14.     Beginning on or about June 21, 2005, Defendants failed to make payment on numerous invoices for materials delivered. As of this date, invoices totaling $108,077.90 are outstanding against Defendants Rosenthal Group and Tailor New York.

15. When requested for payment by Plaintiff Subbarow, Defendants Rosenthal Group and Tailor New York claimed that business was poor and that they would make partial payments towards the full amount owed. Defendants repeatedly made representations that partial payments had been wired to Plaintiff's bank when bank records indicated that no such wire transfer had been made.

16. Such non-payment continued until May 30, 2006, when Plaintiff Subbarow refused to further ship any goods without payment of all monies due.

17. To collect monies properly due and payable by Defendants Rosenthal Group and Tailor New York, Plaintiff Subbarow appointed Defendant Chasemax on or about July 28, 2006.

18. On or about August 10, 2006, Jason Barnes, a representative/officer of Defendant Chasemax, contacted Plaintiff Subbarow indicating that Defendants Rosenthal Group and Tailor New York had agreed to pay $76,968.10 in three installments for full satisfaction and settlement of all outstanding invoices.

19. Plaintiff Subbarow agreement to the terms conveyed by the employee of Defendant Chasemax was conditioned upon timely receipt of the funds.

20. On or about September 14, 2006, Defendant Chasemax wired $1,640.00, representing $2,000 received from Defendant Rosenthal less fees dues to Chasemax.

21. On or about September 25, 2006, Defendant Chasemax confirmed receipt of $26,000 from Defendant Rosenthal and stated that the same sum would be wired directly to Plaintiff Subbarow's bank. Such sum was never received by Plaintiff or Plaintiff's bank.

22. To date, Defendant Chasemax has remitted only $1,640.00 of the monies received from Defendant Rosenthal. Moreover, this sum represents the total monies received by Plaintiff Corporation against invoices totaling $108,077.90.

23. Defendants Rosenthal Group and Tailor New York claim they have an agreement with Defendant Chasemax and are complying with the terms of the agreement. Defendants Rosenthal Group and Tailor New York have refused to provide any further details about the collection agreement between Defendants to Plaintiff. Plaintiff's repeated requests to Defendant Chasemax for remittal of the funds received from Defendants Rosenthal Group and Tailor New York have not been complied with.

24. Due to the foregoing, Plaintiff has no indication about how much has been paid by Defendants Rosenthal Group and Tailor New York. Plaintiff also cannot ascertain how much Defendant Chasemax has received.

25.     Plaintiff has all the reasons to believe that all Defendants are in an understanding, are colluding, and conspire to deny Plaintiff its rightfully earned monies. Plaintiff therefore alleges and asserts an unholy alliance between Defendants Chasemax and Defendants Rosenthal Group and Tailor New York to defraud Plaintiff of the sum-certain funds owed to it for materials delivered.

## COUNT I

## BREACH OF CONTRACT

26.     Plaintiff incorporates and restates herein the allegations contained in Paragraphs 1 through 25 above.

27.     Plaintiff entered into a contract between merchants with Defendants Rosenthal Group and Tailor New York, as is evidenced by the numerous sales of unfinished fabrics and finished ladies' garments between the parties.

28.     Defendants Rosenthal Group and Tailor New York breached the terms of the merchant contract by, among other things, failing to pay for material accepted by them. Further, the above defendants never communicated non-acceptance, repudiation, or rejection of any shipment.

29.     Plaintiff gave Defendants Rosenthal Group and Tailor New York several opportunities to cure their breach by requesting payment and by engaging Defendant

Chasemax to collect payment on their behalf. Defendants Rosenthal Group and Tailor New York refused or failed to remedy their breach within a reasonable amount of time.

30.     As a direct, proximate, and foreseeable result of this breach of the contract between merchants by Defendants Rosenthal Group and Tailor New York, Plaintiff has incurred damages in the amount of at least $108,077.90, exclusive of costs and interest.

## COUNT II

## CONVERSION OF MONIES

31.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 30 above.

32.     Defendant Chasemax, through its own admission, has received funds in the amount of approximately $26,000. To date, these funds have not been remitted to Plaintiff.

33.     As a direct, proximate, and foreseeable result of Defendant Chasemax's refusal or inability to remit funds it admits receiving from Defendants Rosenthal Group and Tailor New York, Plaintiff has incurred damages and losses of at least $26,000, exclusive of costs and interest.

## COUNT III

## COLLUSION TO DEFRAUD PLAINTIFF OF FUNDS RIGHTFULLY OWED

34.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 33 above.

35.     Defendants Rosenthal Group and Tailor New York claim to have paid various sums of money to Defendant Chasemax. All attempts at communication with Defendant Chasemax have been futile. Moreover, Defendant Chasemax has failed to remit the funds it has admitted collecting from Defendants Rosenthal Group and Tailor New York.

36.     Plaintiff believes and alleges that all named Defendants are in collusion with each other and have formed an alliance to defraud Plaintiff of the sum-certain funds due Plaintiff for goods and materials delivered to and accepted by Defendants Rosenthal Group and Tailor New York.

37.     As a direct, proximate, and foreseeable result of this collusion between all named Defendants, Plaintiff has incurred damages and losses of at least $108,077.90, exclusive of costs and interests.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

A. That Judgment be entered against Defendants on Counts I-III of this Complaint and damages be awarded in the amount of $108,077.90, exclusive of costs and interest, as determined by the honorable court;

B. That Plaintiff be awarded its reasonable attorneys' fees, plus costs of this action; and

C. Granting Plaintiff such other and further relief as the court deems just and proper.

Dated: New York, NY
April 6, 2007                    LAW OFFICES OF SANJAY CHAUBEY

                                 By: _____
                                 Sanjay Chaubey, Esq.
                                 Attorney for Plaintiff

                                 Empire State Building
                                 350 5th Avenue, Suite 5013
                                 New York, NY 10018
                                 Tel: (212) 563-3223
                                 Fax: (212) 563-4534